The opinion of the court was given at May term 1844.
Dewey, J.
The case of Grant v. Lyman, 4 Met. 470, differs from the present in the material fact, that there the action was founded upon a supposed neglect of the deputy sheriff, in not keeping, and seizing on execution, goods and chattels that had been attached upon a process issued subsequent to the St. of 1838, c. 163; while, in the present case, the attachment was made before the passage of that act. The language of the 5th section of the act is very broad in its provisions as to the vesting of all the property of the debtor in his assignee; and it is directly provided that such shall be its effect, “ although the same may then be attached on mesne process as the property of said debtor; and such assignment shall be effectual to pass all the said estate, and dissolve any such attachment.” This provision would clearly dissolve any existing attachment of the property of the insolvent debtor, unless it can be shown that the particular case is, for special reasons, to be taken out of the operation of this section. It was attempted to do so in Grant v. Lyman, by showing that in fact no effectual attachment was made, inasmuch as the officer left the property in the possession of the debtor, taking an accountable receipt of a third person therefor; and that the property, so returned as attached, was either consumed or disposed of by the debtor anterior to the proceedings in insolvency, so that no portion of the same passed to the assignee. In this respect, the case of Grant v. Lyman *303 is like the case at bar, and, to that extent, is an authority bearing upon the present case. And we should hold now, as we did in that case, that if the attachment was dissolved, whatever might be the form and manner of making it, all the consequences of such dissolution must follow; and this would have discharged the defendant from all liability.
But the plaintiff insists, that there was no such dissolution of the attachment in the present case. To sustain this position, he relies upon $ 25 of St. 1838, c. 163, which section is as follows : “ All the provisions of law inconsistent with the provisions of this act are hereby repealed; saving all rights which have accrued to any person by virtue of the same, which shall be judged and decided upon in the same manner as if this act had not been passed.”
What is the effect of this provision, and to what rights has it reference ? The language used is general, and the cases embraced within the scope of its provisions are those in which rights had accrued to parties before the passing of the act. But are attachments on mesne process rights in the attaching creditors, within the purposes of this saving clause ?
This subject was alluded to in the case of Bigelow v. Pritchard, 21 Pick. 169, in which it was said by Putnam, J., that rights acquired under attachments made prior to the time when the St. of 1838, c. 163, took effect, would have been protected by §25 of that act. If this question had been necessarily raised in that case, this opinion would be directly in point, and furnish a strong authority for the decision of this case. But the attachment in that case was made after the law took effect, upon a cause of action that accrued before, and the party claiming under the attachment contended that the right of making a valid attachment was, as respects all contracts made before the passage of the act, a vested right, which could not be constitutionally taken away by an act of the legislature; and this was the real question decided in the case. The further suggestions which have been cited, are therefore not to be taken as an authoritative decision. The present case necessarily brings us to the question, whether an attachment of property creates a right *304 in the party making the attachment, within the provisions of $ 25, already cited. The plaintiff’s attachment was made, it will be recollected, before the passing of St. 1838, c. 163; and if such attachment is embraced in the saving clause in <§> 25, then, of course, it was not dissolved by the general provisions of the act, which affect attachments, and declare that the assignment of the property of an insolvent debtor under that act shall dissolve any attachment of the same.
In the general language in which we speak of rights and remedies, an attachment would doubtless be classed with the latter. It is one of those statute privileges conferred upon creditors, which exist at the will of the legislature, as a part of our system of jurisprudence, and which might be wholly abrogated without any violation of the constitutional provision prohibiting the passage of laws “ impairing the obligation of contracts.” The question, in the light in which we view it, as presented in the present case, is not so much a question of power in the legislature to dissolve existing attachments, as of the real purpose and design of the provision in $ 25 of the insolvent act*. Was it not intended, by this saving clause in that section, to protect all interests acquired by attachments already made ? Were they not rights, within the fair and reasonable meaning of that section ? This question leads to the further inquiry as to the nature of the lien acquired by an attachment, and whether it creates any real interest in the property attached. This subject has been much discussed in reference to the saving clause in the United States bankrupt law of 1841. It has also been considered by this court, in the case of the Receivers of the Phœnix Bank v. Hamilton Bank, praying for an injunction and dissolution of an attachment; a case decided in Suffolk, (March term 1844,) and to which I refer for a more full presentation of our views upon this point. We are satisfied, from an examination of the various statutes of this Commonwealth, and the judicial decisions' applicable to the subject, that from a very early period, and down to the present time, attachments have been considered and treated as liens, having attached to them, of course, their peculiar character of conditional liens and liable *305 to be defeated by various contingencies which may prevent any recovery of judgment or levy of execution. We are of opinion that an existing attachment made before the passage of St. 1838, c. 163, is within the saving clause of § 25, and therefore that the proceedings in insolvency did not cause a dissolution of the attachment, in the present case. Such being the case, the ia-bility of the defendant for the neglect of duty on the part oí his deputy, is well established, and judgment must be rendered for the plaintiff.